James Juo (State Bar No. 193852)
 *jjuo@fulpat.com*
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone:  (310) 824-5555
Facsimile:  (310) 824-9696

Attorney for Defendant,
S-H AUTO ACCESSORIES, INC.
a/k/a JNC WHEEL COLLECTION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAT WHEELS, INC.<br>d/b/a STR RACING<br><br>        Plaintiff,<br><br>   v.<br><br>JNC WHEEL COLLECTION, and<br>DOES 1 through 10,<br><br>        Defendants. | CASE NO. CV14-04898 JVS (MRWx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>Honorable James V. Selna |

1. INTRODUCTION

   1.1        PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

789936.1

1  applicable legal principles. The parties further acknowledge, as set forth in Section

2  12.3, below, that this Stipulated Protective Order does not entitle them to file

3  confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

4  that must be followed and the standards that will be applied when a party seeks

5  permission from the court to file material under seal.

6          1.2      GOOD CAUSE STATEMENT

7          It is the intent of the parties and the Court that confidential materials will not

8  be designated as protected information for tactical reasons in this case and that

9  nothing be so designated without a good faith belief that there is good cause why it

10  should not be part of the public record of this case. Confidential information that the

11  parties may seek to protect from unrestricted or unprotected disclosure will be

12  limited to trade secrets, customer and pricing lists and other valuable research,

13  development, commercial, financial, technical and/or proprietary information that a

14  designating party determines in good faith should be kept confidential and where the

15  unrestricted or unprotected disclosure of such information may result in prejudice or

16  harm to the disclosing party.  Accordingly, to expedite the flow of information, to

17  facilitate the prompt resolution of disputes over confidentiality of discovery

18  materials, to adequately protect information the parties are entitled to keep

19  confidential, to ensure that the parties are permitted reasonable necessary uses of

20  such material in preparation for and in the conduct of trial, to address their handling

21  at the end of the litigation, and serve the ends of justice, a protective order for such

22  information is justified in this matter.

23

24      2. DEFINITIONS

25      2.1      Action: this pending federal law suit.

26      2.2      Challenging Party:  a Party or Non-Party that challenges the

27  designation of information or items under this Order.

28

789936.1

1   2.3   "CONFIDENTIAL" Information or Items:  information (regardless

2   of how it is generated, stored or maintained) or tangible things that qualify for

3   protection under Federal Rule of Civil Procedure 26(c), and as specified above in the

4   Good Cause Statement.

5   2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as

6   their support staff).

7   2.5   Designating Party:  a Party or Non-Party that designates information

8   or items that it produces in disclosures or in responses to discovery as

9   "CONFIDENTIAL."

10   2.6   Disclosure or Discovery Material:  all items or information,

11   regardless of the medium or manner in which it is generated, stored, or maintained

12   (including, among other things, testimony, transcripts, and tangible things), that are

13   produced or generated in disclosures or responses to discovery in this matter.

14   2.7   Expert:  a person with specialized knowledge or experience in a

15   matter pertinent to the litigation who has been retained by a Party or its counsel to

16   serve as an expert witness or as a consultant in this Action.

17   2.8   House Counsel:  attorneys who are employees of a party to this

18   Action. House Counsel does not include Outside Counsel of Record or any other

19   outside counsel.

20   2.9   Non-Party:  any natural person, partnership, corporation, association,

21   or other legal entity not named as a Party to this action.

22   2.10   Outside Counsel of Record:  attorneys who are not employees of a

23   party to this Action but are retained to represent or advise a party to this Action and

24   have appeared in this Action on behalf of that party or are affiliated with a law firm

25   which has appeared on behalf of that party, and includes support staff.

26   2.11   Party:  any party to this Action, including all of its officers, directors,

27   employees, consultants, retained experts, and Outside Counsel of Record (and their

28   support staffs).

789936.1

1    2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

2    Discovery Material in this Action.

3    2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation

4    support services (e.g., photocopying, videotaping, translating, preparing exhibits or

5    demonstrations, and organizing, storing, or retrieving data in any form or medium)

6    and their employees and subcontractors.

7    2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

8    designated as "CONFIDENTIAL."

9    2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

10   Material from a Producing Party.

11

12   3. <u>SCOPE</u>

13   3.1    The protections conferred by this Stipulation and Order cover not only

14   Protected Material (as defined above), but also (1) any information copied or

15   extracted from Protected Material; (2) all copies, excerpts, summaries, or

16   compilations of Protected Material; and (3) any testimony, conversations, or

17   presentations by Parties or their Counsel that might reveal Protected Material.

18   3.2    Any use of Protected Material at trial shall be governed by the orders of

19   the trial judge.  This Order does not govern the use of Protected Material at trial.

20

21   4. <u>DURATION</u>

22   4.1    Even after final disposition of this litigation, the confidentiality

23   obligations imposed by this Order shall remain in effect until a Designating Party

24   agrees otherwise in writing or a court order otherwise directs. Final disposition shall

25   be deemed to be the later of (1) dismissal of all claims and defenses in this Action,

26   with or without prejudice; and (2) final judgment herein after the completion and

27   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

28

789936.1

1  including the time limits for filing any motions or applications for extension of time

2  pursuant to applicable law.

3

4      5. <u>DESIGNATING PROTECTED MATERIAL</u>

5      5.1    <u>Exercise of Restraint and Care in Designating Material for</u>

6  <u>Protection</u>. Each Party or Non-Party that designates information or items for

7  protection under this Order must take care to limit any such designation to specific

8  material that qualifies under the appropriate standards. The Designating Party must

9  designate for protection only those parts of material, documents, items, or oral or

10  written communications that qualify so that other portions of the material,

11  documents, items, or communications for which protection is not warranted are not

12  swept unjustifiably within the ambit of this Order.

13      Mass, indiscriminate, or routinized designations are prohibited. Designations

14  that are shown to be clearly unjustified or that have been made for an improper

15  purpose (e.g., to unnecessarily encumber the case development process or to impose

16  unnecessary expenses and burdens on other parties) may expose the Designating

17  Party to sanctions.

18      If it comes to a Designating Party's attention that information or items that it

19  designated for protection do not qualify for protection, that Designating Party must

20  promptly notify all other Parties that it is withdrawing the inapplicable designation.

21      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided

22  in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

24  under this Order must be clearly so designated before the material is disclosed or

25  produced.

26      Designation in conformity with this Order requires:

27      (a)    for information in documentary form (e.g., paper or electronic

28  documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also should identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3      <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

789936.1

1  Upon timely correction of a designation, the Receiving Party must make reasonable

2  efforts to assure that the material is treated in accordance with the provisions of this

3  Order.

4

5      6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6      6.1      <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a

7  designation of confidentiality at any time that is consistent with the Court's

8  Scheduling Order.

9      6.2      <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

10  resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1

11  *et seq*.

12      6.3      The burden of persuasion in any such challenge proceeding shall be

13  on the Designating Party. Frivolous challenges, and those made for an improper

14  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

15  parties) may expose the Challenging Party to sanctions. Unless the Designating Party

16  has waived or withdrawn the confidentiality designation, all parties shall continue to

17  afford the material in question the level of protection to which it is entitled under the

18  Producing Party's designation until the Court rules on the challenge.

19

20      7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

21      7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that

22  is disclosed or produced by another Party or by a Non-Party in connection with this

23  Action only for prosecuting, defending, or attempting to settle this Action. Such

24  Protected Material may be disclosed only to the categories of persons and under the

25  conditions described in this Order. When the Action has been terminated, a

26  Receiving Party must comply with the provisions of section 13 below (FINAL

27  DISPOSITION).

28

789936.1

1    Protected Material must be stored and maintained by a Receiving Party at a

2 location and in a secure manner that ensures that access is limited to the persons

3 authorized under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

5 otherwise ordered by the court or permitted in writing by the Designating Party, a

6 Receiving Party may disclose any information or item designated

7    "CONFIDENTIAL" only to:

8    (a)    the Receiving Party's Outside Counsel of Record in this Action, as

9 well as employees of said Outside Counsel of Record to whom it is reasonably

10 necessary to disclose the information for this Action;

11    (b)    Experts (as defined in this Order) of the Receiving Party to whom

12 disclosure is reasonably necessary for this Action and who have signed the

13 "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees

14 of said Expert to whom it is reasonably necessary to disclose the information for

15 this Action;

16    (c)    the Court and its personnel;

17    (d)    court reporters and their staff;

18    (e)    professional jury or trial consultants, mock jurors, and Professional

19 Vendors to whom disclosure is reasonably necessary for this Action;

20    (f)    the author or recipient of a document containing the information or a

21 custodian or other person who otherwise possessed or knew the information;

22    (g)    during their depositions, witnesses ,and attorneys for witnesses, in

23 the Action to whom disclosure is reasonably necessary provided: (1) the deposing

24 party requests that the witness sign the form attached as Exhibit 1 hereto; and (2)

25 they will not be permitted to keep any confidential information unless they sign the

26 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

27 agreed by the Designating Party or ordered by the court. Pages of transcribed

28 deposition testimony or exhibits to depositions that reveal Protected Material may be

789936.1

1  separately bound by the court reporter and may not be disclosed to anyone except as

2  permitted under this Stipulated Protective Order;

3        (h)      any mediator or settlement officer, and their supporting personnel,

4  mutually agreed upon by any of the parties engaged in settlement discussions; and

5        (i)      other persons by written consent of the Producing Party or upon

6  order of the Court and on such conditions as may be agreed or ordered.

7

8        8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

9            <u>PRODUCED IN OTHER LITIGATION</u>

10       If a Party is served with a subpoena or a court order issued in other litigation

11  that compels disclosure of any information or items designated in this Action as

12  "CONFIDENTIAL," that Party must:

13       (a)      promptly notify in writing the Designating Party. Such notification

14  shall include a copy of the subpoena or court order;

15       (b)      promptly notify in writing the party who caused the subpoena or

16  order to issue in the other litigation that some or all of the material covered by the

17  subpoena or order is subject to this Protective Order. Such notification shall include

18  a copy of this Stipulated Protective Order; and

19       (c)      cooperate with respect to all reasonable procedures sought to be

20  pursued by the Designating Party whose Protected Material may be affected.

21       If the Designating Party timely seeks a protective order, the Party served with

22  the subpoena or court order shall not produce any information designated in this

23  action as "CONFIDENTIAL" before a determination by the court from which the

24  subpoena or order issued, unless the Party has obtained the Designating Party's

25  permission. The Designating Party shall bear the burden and expense of seeking

26  protection in that court of its confidential material and nothing in these provisions

27  should be construed as authorizing or encouraging a Receiving Party in this Action

28  to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT</u>
<u>TO BE PRODUCED IN THIS LITIGATION</u>

(a)       The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)       promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)       promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)       make the information requested available for inspection by the Non-Party, if requested.

(c)       If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

789936.1

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR
        OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____          ___s/ Leontyne Fan_____
                                    Leontyne Fan
                                    Attorneys for Plaintiff

DATED: _____          ___s/ James Juo_____
                                    James Juo
                                    Attorneys for Defendant

*All other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

_s/ James Juo_____

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  January 16, 2015            _____
                                    Hon. Michael R. Wilner
                                    United States Magistrate Judge

789936.1

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [full name], of

_____ [address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on _____ [date] in the case

of *JAT Wheels, Inc. d/b/a STR Racing v. JNC Wheel Collection*, No. CV14-04898

JVS (MRWx). I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [name]

of _____ [address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

789936.1